**UNITED STATES DISTRICT COURT**
**DISTRICT OF DELAWARE**

| | |
|---|---|
| JORDAN WILSON, | ) Case No. |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) **COMPLAINT FOR VIOLATIONS** |
| | ) **OF THE FEDERAL SECURITIES** |
| | ) **LAWS** |
| ANTARES PHARMA, INC., LEONARD S. | ) |
| JACOB, THOMAS J. GARRITY, PETER S. | ) **JURY TRIAL DEMANDED** |
| GREENLEAF, ANTON G. GUETH, | ) |
| ROBERT P. ROCHE JR., KAREN L. | ) |
| SMITH, CARMEN B. VOLKART, and | ) |
| ROBERT F. APPLE, | ) |
| | ) |
| Defendants. | ) |
| | ) |

Plaintiff Jordan Wilson ("Plaintiff"), by and through his undersigned counsel, for his complaint against defendants, alleges upon personal knowledge with respect to himself, and upon information and belief based upon, *inter alia*, the investigation of counsel as to all other allegations herein, as follows:

**NATURE AND SUMMARY OF THE ACTION**

1. Plaintiff brings this action against Antares Pharma, Inc. ("Antares" or the "Company") and its corporate directors for violating Sections 14(d)(4), 14(e) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. §§ 78n(d)(4), 78n(e), 78t(a), and U.S. Securities and Exchange Commission ("SEC") Rule 14d-9, 17 C.F.R. §240.14d-9(d) ("Rule 14d-9"), in connection with the Board's attempt to sell Antares to Halozyme Therapeutics, Inc. ("Halozyme") (the "Proposed Transaction").

2. On April 12, 2022, Antares entered into an Agreement and Plan of Merger with Halozyme and Halozyme's subsidiary, Atlas Merger Sub, Inc. ("Purchaser") (the "Merger Agreement"). Under the terms of the Merger Agreement, Halozyme will acquire Antares for

$5.60 per share of Antares common stock via a tender offer (the "Tender Offer"). Pursuant to the Merger Agreement, Purchaser commenced the Tender Offer on April 26, 2022.

3. On April 26, 2022, the Board authorized the filing of the materially incomplete and misleading Schedule 14D-9 Solicitation/Recommendation Statement (the "Recommendation Statement") with the SEC. Specifically, the Recommendation Statement, which recommends that Antares stockholders tender their shares in the Tender Offer, contains materially incomplete and misleading information concerning, among other things: (a) the Company's financial projections and the financial analyses that support the fairness opinion provided by the Company's financial advisor, Jefferies LLC ("Jefferies"); and (b) potential conflicts of interest faced by Company insiders.

4. It is imperative that the material information omitted from the Recommendation Statement is disclosed to the Company's stockholders prior to the forthcoming close of the Tender Offer so that they can properly exercise their rights.

5. For these reasons and as set forth in detail herein, Plaintiff seeks to enjoin Defendants from taking any steps to consummate the Tender Offer or Proposed Transaction unless and until the material information discussed below is disclosed to the Company's stockholders or, in the event the Proposed Transaction is consummated, to recover damages resulting from the defendants' violations of the Exchange Act.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over the claims asserted herein for violations of Sections 14(d), 14(e) and 20(a) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder pursuant to Section 27 of the Exchange Act, 15 U.S.C. § 78aa, and 28 U.S.C. § 1331 (federal question jurisdiction).

7. Personal jurisdiction exists over the defendants because each defendant either conducts business in or maintains operations within this District, or is an individual with sufficient minimum contacts with this District so as to make the exercise of jurisdiction by this Court permissible under traditional notions of fair play and substantial justice.

8. Venue is proper in this District pursuant to 28 U.S.C. § 1391 because defendants are found or are inhabitants or transact business in this District.

## THE PARTIES

9. Plaintiff is, and has been at all relevant times, the owner of shares of Antares common stock.

10. Defendant Antares is a Delaware corporation, with its principal executive offices located at 100 Princeton South, Suite 300, Ewing, New Jersey, 08628. Antares' shares trade on the Nasdaq Capital Market under the ticker symbol "ATRS." Antares is a specialty pharmaceutical company focused primarily on the development and commercialization of pharmaceutical products and technologies that address patient needs in targeted therapeutic areas. It develops, manufactures, and commercializes novel therapeutic products using its drug delivery systems.

11. Defendant Leonard S. Jacob has been Chairman of the Board and a director of the Company at all relevant times.

12. Defendant Thomas J. Garrity is and has been a director of the Company at all relevant times.

13. Defendant Peter S. Greenleaf is and has been a director of the Company at all relevant times.

14. Defendant Anton G. Gueth is and has been a director of the Company at all relevant times.

15. Defendant Robert P. Roche Jr. is and has been a director of the Company at all relevant times.

16. Defendant Karen L. Smith is and has been a director of the Company at all relevant times.

17. Defendant Carmen B. Volkart is and has been a director of the Company at all relevant times.

18. Defendant Robert F. Apple has been President, Chief Executive Officer, and a director of the Company at all relevant times.

19. Defendants identified in paragraphs 11-18 are collectively referred to herein as the "Board" or the "Individual Defendants."

## SUBSTANTIVE ALLEGATIONS

### The Proposed Transaction

20. On April 13, 2022, Antares announced in relevant part:

SAN DIEGO and EWING, N.J., April 13, 2022 -- Halozyme Therapeutics, Inc. (NASDAQ: HALO) ("Halozyme") and Antares Pharma, Inc. (NASDAQ: ATRS) ("Antares") today announced that the companies have entered into a definitive agreement pursuant to which Halozyme will acquire Antares for $5.60 per share in cash. The transaction, which values Antares at approximately $960 million, was unanimously approved by both the Halozyme and Antares Boards of Directors.

The transaction is expected to be immediately accretive to Halozyme's 2022 revenue and non-GAAP earnings and to accelerate top- and bottom-line growth through 2027, with multiple growth drivers beyond 2027. The combination of Halozyme and Antares will create a leading drug delivery and specialty product company. The Antares business consists of a best-in-class, differentiated, royalty revenue generating auto injector platform business that offers broad licensing opportunity, and a commercial business, with three proprietary commercial products.

"The addition of Antares, particularly with its best-in-class auto injector platform and specialty commercial business, augments Halozyme's strategy, further strengthens our position as a leading drug delivery company and extends our strategy to include specialty products," said Dr. Helen Torley, president and chief

4

executive officer of Halozyme. "The acquisition of Antares fits well with our previously discussed strategic priorities and provides substantial financial growth potential and disruptive solutions to significantly improve patient experiences and outcomes for emerging and established therapies. Halozyme is well-positioned to leverage Antares' value proposition, driven by a strong balance sheet, established industry relationships and business development experience. We look forward to welcoming Antares' talented team as we embark on our next chapter of accelerating financial growth, maximizing patient benefit, and enhancing value."

Robert F. Apple, president and chief executive officer of Antares, commented, "We are pleased to have reached this agreement with Halozyme, as this transaction showcases the value of Antares' highly complementary business, provides our shareholders with attractive and certain value, and brings together industry-leading expertise and drug delivery platforms to accelerate growth and create new opportunities. As we remain committed to continuing to serve our partners, I would like to thank our employees for their hard work and dedication to this mission. We look forward to working with the Halozyme team to complete the transaction and deliver best-in-class therapies and drug delivery solutions."

**Compelling Financial and Strategic Benefits**

- **Immediate Revenue and Non-GAAP Earnings Accretion and Long-Term Financial Upside:** The transaction is expected to be immediately accretive to Halozyme's 2022 revenue and non-GAAP earnings, supported by Antares' proprietary product revenues, royalty revenues and profitability. The addition of Antares is also expected to accelerate top- and bottom-line growth and enhance cash flow generation through 2027, increasing Halozyme's flexibility to pursue further growth drivers in the forms of new product and therapy launches, and partnerships.
- **Business Development to Augment Long-Term Growth, Consistent with Strategic Priorities:** The addition of Antares' commercial products and existing auto injector capabilities accelerate Halozyme's strategy to drive long-term, durable revenue growth and value creation through focused external growth. Halozyme expects to build on Antares' core platform technology and capabilities to drive incremental, durable revenue opportunities with additional intellectual property protections for Antares technology in place beyond 2030.
- **Substantial Market Expansion Opportunity in High Revenue Segments:** Antares' successful development and partnership of its technology platforms offers a widely licensable product suite that can be broadly applied across a spectrum of market segments representing multiple tens of billions of dollars[1] in estimated peak sales. This includes the potential for conversion to both high-viscosity and high-volume auto injector devices, supported by Halozyme's extensive infrastructure and commercially validated ENHANZE platform technology.

5

- **High Growth, Durable Commercial Franchise with Proven Track Record:** Antares' suite of FDA-approved, high quality commercial products and partner products utilizing the Antares auto injector technology have already demonstrated commercial success and are positioned for long-term growth.  Launch of Tlando™ will leverage existing testosterone commercial infrastructure and capabilities in a growing therapeutic category, building on momentum created by Ousted®'s success.
- **Two Highly Complementary Platforms, Each with Meaningful Pipelines:** Antares' broadly applicable, differentiated auto injector platform is suitable for use with a broad range of medications.  The versatility of this platform enables a highly licensable business with significant revenue upside.  The combined entity will be able to leverage its deep industry expertise and existing commercial infrastructure in the U.S. to expand delivery capabilities and pursue growth opportunities within multiple small- and large-molecule products.

**Transaction Terms, Financing and Time to Closing**

Under the terms of the merger agreement, Halozyme will commence a cash tender offer to acquire all of the outstanding shares of Antares for $5.60 per share in cash.  The transaction is not subject to a financing condition.  Halozyme intends to finance the transaction using existing cash on hand and new sources of debt.  Following completion of the transaction, Halozyme expects to maintain a strong balance sheet with less than 3.5x net debt-to-EBITDA ratio at the time of transaction close.  Net debt-to-EBITDA ratio is expected to decline significantly in the quarters post transaction close.  The closing of the tender offer will be subject to certain conditions, including the tender of shares representing at least a majority of the total number of Antares' outstanding shares of common stock, the expiration or termination of the HSR waiting period, and other customary conditions.  Following the successful completion of the tender offer, Halozyme will acquire all remaining shares not tendered in the tender offer through a second-step merger at the same price.  This transaction is expected to close in the first half of 2022.

BofA Securities and Wells Fargo Securities LLC are acting as financial advisors to Halozyme and Weil, Gotshal & Manges LLP is acting as legal advisor.  Jefferies LLC is acting as financial advisor to Antares and Skadden, Arps, Slate, Meagher & Flom LLP is acting as legal advisor.

**The Materially Incomplete and Misleading Recommendation Statement**

21. On April 26, 2022, the Board caused to be filed a materially incomplete and misleading Recommendation Statement with the SEC.  The Recommendation Statement, which recommends that Antares stockholders tender their shares in the Tender Offer, fails to disclose

material information to Company stockholders, or provides them with materially misleading information, concerning: (a) the financial projections for Antares and the financial analyses that support the fairness opinion provided by Jefferies; and (b) potential conflicts of interest faced by Company insiders.

*Material Misrepresentations and/or Omissions Concerning Antares' Financial Projections and Jefferies' Financial Analyses*

22. The Recommendation Statement fails to disclose material information concerning the financial projections for Antares.

23. With respect to the Company's "Management Projections (Risk Adjusted)," the Recommendation Statement fails to disclose a quantification of the assumptions underlying the projections, including with respect to: (a) Company management's risk and probability adjustments for the Company's product candidates and pipeline programs; and (b) the continued commercial success of the Company's proprietary and partnered products and potential future collaborations with third parties, and royalties and milestone payments received in connection with partnered products. *See* Recommendation Statement at 20. The Recommendation Statement further fails to disclose a summary of Company management's non-risk adjusted projections.

24. The Recommendation Statement also fails to disclose material information concerning Jefferies' financial analyses.

25. With respect to Jefferies' *Discounted Cash Flow Analysis*, the Recommendation Statement fails to disclose a quantification of: (a) the Company's normalized unlevered after-tax free cash flow for the fiscal year ending December 31, 2030; (b) the Company's terminal values; (c) the inputs and assumptions underlying the discount rates ranging from 9.2% to 10.2%; and (d) the Company's stock-based compensation that was treated as a cash expense.

26. With respect to Jefferies' *Selected Public Companies Analysis* and *Selected Precedent Transactions Analysis*, the Recommendation Statement fails to disclose the individual multiples and financial metrics for each of the companies and transactions analyzed, respectively.

***Material Misrepresentations and/or Omissions Concerning Company Insiders' Potential Conflicts of Interest***

27. The Recommendation Statement fails to disclose material information concerning Company insiders' potential conflicts of interest.

28. For example, the Recommendation Statement fails to disclose whether any members of Antares management have secured or are anticipated to secure future employment with the combined company.

29. The Recommendation Statement also fails to disclose the details of any employment and retention-related discussions and negotiations that occurred between Antares directors and officers and Halozyme, including with respect to the Halozyme time-based restricted stock units that each of the named executive officers will receive following the closing of the Proposed Transaction (*see id.* at 7), who participated in all such communications, when they occurred and their content. The Recommendation Statement similarly fails to disclose whether any of Halozyme's proposals or indications of interest mentioned management retention in the combined company following the Proposed Transaction or the purchase of or participation in the equity of the surviving corporation.

30. In sum, the omission of the above-referenced information renders statements in the "Certain Financial Projections," "Opinion of the Company's Financial Advisor," "Background of the Offer and the Merger," and "Arrangements Between the Company and its Executive Officers, Directors and Affiliates" sections of the Recommendation Statement materially incomplete and misleading in contravention of the Exchange Act. Absent disclosure of the foregoing material

information prior to the expiration of the Tender Offer, Plaintiff and the other stockholders of Antares will be unable to make a sufficiently informed decision in connection with the Tender Offer and are thus threatened with irreparable harm warranting the injunctive relief sought herein.

## CLAIMS FOR RELIEF

### COUNT I

#### Claims Against All Defendants for Violations of Section 14(d) of the Exchange Act and SEC Rule 14d-9 Promulgated Thereunder

31. Plaintiff repeats all previous allegations as if set forth in full.

32. Defendants have caused the Recommendation Statement to be issued with the intention of soliciting Antares stockholders to tender their shares in the Tender Offer.

33. Section 14(d)(4) of the Exchange Act and SEC Rule 14d-9 promulgated thereunder require full and complete disclosure in connection with tender offers.

34. Section 14(d)(4) of the Exchange Act states:

> Any solicitation or recommendation to the holders of such a security to accept or reject a tender offer or request or invitation for tenders shall be made in accordance with such rules and regulations as the Commission may prescribe as necessary or appropriate in the public interest or for the protection of investors.

35. SEC Rule 14d-9 sets forth, in relevant part:

> Any solicitation or recommendation to holders of a class of securities referred to in section 14(d)(1) of the Act with respect to a tender offer for such securities shall include the name of the person making such solicitation or recommendation and the information required by Items 1 through 8 of Schedule 14D-9 (§ 240.14d-101) or a fair and adequate summary thereof[.]

36. Item 8 of Schedule 14D-9 requires a company's directors to "[f]urnish such additional material information, if any, as may be necessary to make the required statements, in light of the circumstances under which they are made, not materially misleading."

37. The Recommendation Statement violates Section 14(d)(4) and Rule 14d-9 because it omits material facts, including those set forth above, which omission renders the Recommendation Statement false and/or misleading.

38. Defendants knowingly or with deliberate recklessness omitted the material information identified above from the Recommendation Statement, causing certain statements therein to be materially incomplete and therefore misleading. Indeed, while defendants undoubtedly had access to and/or reviewed the omitted material information in connection with approving the Proposed Transaction, they allowed it to be omitted from the Recommendation Statement, rendering certain portions of the Recommendation Statement materially incomplete and therefore misleading.

39. The misrepresentations and omissions in the Recommendation Statement are material to Plaintiff and the other stockholders of Antares, who will be deprived of their right to make an informed decision whether to tender their shares or seek appraisal if such misrepresentations and omissions are not corrected prior to the expiration of the Tender Offer. Plaintiff has no adequate remedy at law. Only through the exercise of this Court's equitable powers can Plaintiff be fully protected from the immediate and irreparable injury that defendants' actions threaten to inflict.

## COUNT II

**Claims Against All Defendants for Violations of Section 14(e) of the Exchange Act**

40. Plaintiff repeats all previous allegations as if set forth in full.

41. Section 14(e) of the Exchange Act provides that it is unlawful "for any person to make any untrue statement of a material fact or omit to state any material fact necessary in order to make the statements made, in the light of the circumstances under which they are made, not misleading . . . in connection with any tender offer or request or invitation for tenders, or any

solicitation of security holders in opposition to or in favor of any such offer, request, or invitation." 15 U.S.C. § 78n(e).

42. Defendants violated Section 14(e) of the Exchange Act by issuing the Recommendation Statement to Antares stockholders in which they made untrue statements of material facts or failed to state all material facts necessary in order to make the statements made, in light of the circumstances under which they are made, not misleading. Specifically, the Recommendation Statement misrepresented and/or omitted material facts concerning the Company's financial projections, Jefferies' financial analyses, and potential conflicts of interest faced by Company insiders.

43. Defendants knew that Plaintiff would rely upon their statements in the Recommendation Statement in determining whether to tender his shares pursuant to the Tender Offer or seek appraisal.

44. As a direct and proximate result of these defendants' unlawful course of conduct in violation of Section 14(e) of the Exchange Act, absent injunctive relief from the Court, Plaintiff has sustained and will continue to sustain irreparable injury by being denied the opportunity to make an informed decision in deciding whether or not to tender his shares or seek appraisal.

## COUNT III

### Claims Against the Individual Defendants for Violations of Section 20(a) of the Exchange Act

45. Plaintiff repeats all previous allegations as if set forth in full.

46. The Individual Defendants acted as controlling persons of Antares within the meaning of Section 20(a) of the Exchange Act as alleged herein. By virtue of their positions as officers and/or directors of Antares, and participation in and/or awareness of the Company's operations and/or intimate knowledge of the false statements contained in the Recommendation

11

Statement filed with the SEC, they had the power to influence and control and did influence and control, directly or indirectly, the decision-making of the Company, including the content and dissemination of the various statements which Plaintiff contends are false and misleading.

47. Each of the Individual Defendants was provided with or had unlimited access to copies of the Recommendation Statement and other statements alleged by Plaintiff to be misleading prior to and/or shortly after these statements were issued and had the ability to prevent the issuance of the statements or cause the statements to be corrected.

48. In particular, each of the Individual Defendants had direct and supervisory involvement in the day-to-day operations of the Company, and, therefore, is presumed to have had the power to control or influence the particular transactions giving rise to the securities violations as alleged herein, and exercised the same. The Recommendation Statement at issue contains the unanimous recommendation of each of the Individual Defendants to approve the Proposed Transaction. They were, thus, directly involved in the making of the Recommendation Statement.

49. In addition, as the Recommendation Statement sets forth at length, and as described herein, the Individual Defendants were each involved in negotiating, reviewing, and approving the Proposed Transaction. The Recommendation Statement purports to describe the various issues and information that they reviewed and considered—descriptions the Company directors had input into.

50. By virtue of the foregoing, the Individual Defendants have violated Section 20(a) of the Exchange Act.

51. As set forth above, the Individual Defendants had the ability to exercise control over and did control a person or persons who have each violated Section 14(e), Section 14(d) and SEC Rule 14d-9, promulgated thereunder, by their acts and omissions as alleged herein. By virtue

of their positions as controlling persons, these defendants are liable pursuant to Section 20(a) of the Exchange Act. As a direct and proximate result of defendants' conduct, Antares stockholders will be irreparably harmed.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment and preliminary and permanent relief, including injunctive relief, in his favor on behalf of Antares, and against defendants, as follows:

A. Preliminarily and permanently enjoining defendants and all persons acting in concert with them from proceeding with, consummating, or closing the Proposed Transaction, including the expiration of the Tender Offer, unless and until defendants disclose the material information identified above which has been omitted from the Recommendation Statement;

B. In the event defendants consummate the Proposed Transaction, rescinding it and setting it aside or awarding rescissory damages to Plaintiff;

C. Directing the Individual Defendants to file a Recommendation Statement that does not contain any untrue statements of material fact;

D. Awarding Plaintiff the costs of this action, including reasonable allowance for Plaintiff's attorneys' and experts' fees; and

E. Granting such other and further relief as this Court may deem just and proper.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK.]

## JURY DEMAND

Plaintiff demands a trial by jury on all claims and issues so triable.

Dated:  May 5, 2022

**LONG LAW, LLC**

By  */s/ Brian D. Long*
Brian D. Long (#4347)
3828 Kennett Pike, Suite 208
Wilmington, DE 19807
Telephone: (302) 729-9100
Email: BDLong@longlawde.com

*Attorneys for Plaintiff*